UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SL EC, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-01377-JAR |
| | ) |
| ASHLEY ENERGY, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Compel (Doc. 150) and non-party John Steffen's Objection and Motion to Quash Subpoena. (Doc. 157). Defendants have requested an order compelling Plaintiffs to fully respond to Defendants' First Request for Production of Documents. (150-1). Plaintiffs have responded (Doc. 155), and Defendants have replied. (Doc. 156). The Court will proceed to address each of Defendants' requests while noting that it has wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015).

(1) Privilege Log

Plaintiffs have asserted privilege and/or work product objections to nearly fifty percent of Defendants' requested documents but have not provided a privilege log. (Doc. 150 at 4). Plaintiffs have agreed to produce a privilege log. (Doc. 155 at 1). This Court will accordingly order Plaintiffs to produce a privilege log within ten (10) days of this Memorandum and Order.

(2) Billing Information

Plaintiff Davis & Garvin's ("D&G") legal fees are in dispute, as discussed extensively in this Court's recent denial of Defendants' Motion for Partial Summary Judgment. (Doc. 149).

Understandably, Defendants requested the "invoices, billing statements, time keeper entries (including itemized narrative entries)" and other records kept by D&G for its billing associated with the Ashley Energy project. (Doc. 150-1 at ¶ 9). Plaintiffs produce a single invoice in response (Doc. 150-2), but the invoice does not include pertinent information requested by Defendants.

D&G utilized Clio, subscription-based software service, to track its billing. When D&G ceased practice in 2018, it simply allowed its Clio account to expire. Jim Davis explains he was "of course aware of his obligations both to retain client files as well as to retain and preserve records relevant to ongoing litigation," he "did not at the time understand the nature or existence of the electronic details Defendants are now requesting." (Doc. 155 at 2). Plaintiffs have been informed by Clio customer support that the requested documents are unrecoverable.

This litigation had already begun when D&G terminated its Clio account. An "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation – *most commonly when suit has already been filed*." *Stirling v. St. Louis Cty. Police Dep't*, No. 4:11-CV—01932 AGF, 2013 WL 2244638, at *1 (E.D. Mo. May 21, 2013) (emphasis in original) (citations omitted). It is unquestionable both that D&G had such an obligation and that it failed to adequately preserve relevant evidence. As requested by Defendants, this Court will order Plaintiffs to use best efforts to recover all available documents from Clio and produce such documents immediately, including those from Bick & Kistner. Plaintiffs shall update this Court within thirty (30) days with the results of such efforts. This Court reserves the right to impose appropriate sanctions should this information remain unrecoverable.

(3) <u>Michael Becker's Emails</u>

Plaintiffs cited Michael Becker's emails as a key document in their Fed. R. Civ. P. 26(a) disclosures. When Defendants requested production of the emails, however, Plaintiffs responded

that Becker's email account had been suspended by Google in December 2019 for violations of YouTube's terms of service. Despite their efforts and communications with Google, Plaintiffs have not been able to recover the emails. They do note, however, that certain emails forwarded to Becker's attorney were disclosed, though with redactions.

Plaintiffs are "agreeable to attempting to subpoena the information from Google." The Court agrees with Defendants that the requested emails are highly pertinent to the litigation and that Plaintiffs must devote substantial efforts to obtaining them. Accordingly, the Court will compel Plaintiffs to make such efforts and report results to the Court within thirty (30) days. For those emails available because they were forwarded or for any other reason, Plaintiffs shall disclose all non-privileged elements of the emails, including the date and time. This Court reserves the right to impose appropriate sanctions should Becker's emails remain unrecoverable.

(4) <u>Becker and SLEC's Local Files</u>

Defendants reasonably requested copies of relevant local files, including those from Becker's laptop. (Doc. 150-1 at ¶ 1). In another bizarre twist, Plaintiffs respond that Becker's laptop was stolen two months after he was locked out of his email account. When Defendants requested a copy of the police report, Plaintiffs provided a copy of a police officer's business card with the apparent police report number written on the back. Plaintiffs insist they have requested the report itself. As Defendants request, this Court will order Plaintiffs to search and produce relevant local files; provide a detailed description of locations searched; provide a list of all potential source of electronically stored information ("ESI"); and obtain a copy of the police report. Plaintiffs shall provide the Court with a status update on the results of these efforts within thirty (30) days. This Court reserves the right to impose appropriate sanctions should this ESI remain unrecoverable.

(5) Phone Records and Text Messages

Defendants seek relevant telephone records and text messages from D&G. (Doc. 150-1 at ¶¶ 7, 13). Plaintiffs have agreed to subpoena the requested phone records, but did not respond whatsoever to Defendants' request for copies of text messages from Jim Davis. Plaintiffs previously indicated that no such text messages exist, but this is apparently belied by the record. Accordingly, the Court will order Plaintiffs to subpoena the phone records within thirty (30) days and provide all responsive text messages from Jim Davis. This Court reserves the right to impose appropriate sanctions should Plaintiffs fail to produce such records.

(6) Communications with John Steffen

Defendants requested all relevant documents and communications from John Steffen, who was SLEC's negotiating agent during the acquisition of the power plant. Plaintiffs admit that Steffen was an agent of SLEC but have not been able to contact him. On December 24, 2020, Defendants served a subpoena on Steffen demanding that he produce a significant number of documents by January 13, 2021. Steffen requests that this Court quash or modify the subpoena pursuant to Fed. R. Civ. P. 45. (Doc. 157). Steffen notes that he lives over one thousand miles from St. Louis, has health difficulties and limited income, and the potentially relevant documents are scattered in various boxes in storage. (Doc. 157-1).

While the Court certainly sympathizes with Steffen's situation, it also recognizes that Defendants have every right to access relevant documents from a key agent of Plaintiffs in the negotiation of the power plant transaction. The Court agrees that Defendants' proposed time for production was unduly short given Steffen's various logistical challenges, especially during the COVID-19 pandemic. Therefore, while the Court will not quash the subpoena, it will provide Steffen until February 22, 2021 to comply. With regard to Steffen's request to be compensated,

the Court finds that this matter should be resolved between Plaintiffs and Steffen, as Steffen was Plaintiffs' agent during the course of the relevant transactions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel (Doc. 150) is **GRANTED in part.** Plaintiffs shall:

(1) Produce a privilege log within **ten (10) days**.

(2) Use best efforts to recover all available documents regarding D&G's billing from Clio (as well as any relevant billing documents relating to Bick & Kistner) and produce such documents immediately.

(3) Take reasonable steps to obtain Michael Becker's emails, including by subpoenaing Google, and produce all available emails immediately, with only privileged information redacted.

(4) Within **thirty (30) days**, provide Defendants a list of all potential sources of ESI and either produce all relevant ESI from such sources or explain why such ESI is not available. Plaintiffs shall also obtain and provide to Defendants the police report concerning Becker's stolen laptop.

(5) Within **thirty (30) days**, subpoena D&G telephone providers for relevant phone records for the period of October 2016 through August 2017 and obtain any relevant text messages to or from Jim Davis. Such records and messages shall be promptly provided to Defendants once obtained, provided any privileged or work-product material may be redacted.

No later than **March 1, 2021**, Plaintiffs shall file a status report with this Court demonstrating their compliance with the above Orders. The Court reserves the right to impose any sanctions it deems prudent with regard to the discovery issues identified in Defendants' Motion to Compel.

**IT IS FURTHER ORDERED** that John Steffen's Objection and Motion to Quash Subpoena (Doc. 157) is **DENIED**. The date for Steffen to comply with Defendants' subpoena, however, is **modified to February 22, 2021**.

Dated this 21st day of January, 2021.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE