UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SL EC, LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:18-CV-01377-JAR |
| ASHLEY ENERGY, LLC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Michael Becker and SL EC, LLC's ("SLEC") Motion to Quash. (Doc. 161).[1] This Court will proceed to address Plaintiffs' motion while noting that it has wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015).

**(1) Accountant-Client Privilege**

On or about January 19, 2021, Defendants served a subpoena duces tecum on David Yochum, Becker and SLEC's accountant. (Doc. 161 at ¶ 1). The subpoena requests, among other documents, all communications between Mr. Yochum and various parties to this case as well as the tax returns of Becker and SLEC. (Doc. 162-1). Relying on the accountant-client privilege, Becker and SLEC seek to quash the subpoena to the extent it requests (1) information communicated to Mr. Yochum in connection with accountant services rendered; (2) communications to and from Mr. Yochum in the course of Mr. Yochum's professional employment; and (3) tax returns for Becker and SLEC.

---

[1] Also pending before this Court is Defendants' Motion for Leave to File Surresponse in Opposition to Plaintiff's Motion to Quash. (Doc. 168). After careful consideration, the motion will be granted for good cause shown.

The Missouri Accountancy Act establishes privilege between an accounting firm and its client. *See* MO. REV. STAT. § 326.322.1. The statute specifically provides that a "licensee shall not be examined by judicial process or proceedings without the consent of the licensee's client." MO. REV. STAT. § 326.322.2. Both sides agree, consistent with courts in this district, that the privilege is analogous to the attorney-client privilege. (Doc. 162 at 3; Doc. 164 at 6); *see Travelers Commercial Cas. Co. v. Sielfleisch Roofing, Inc.*, No. 4:12-CV-1550 DDN, 2013 WL 1899557, at *5 (E.D. Mo. May 7, 2013). Accordingly, courts have consistently recognized that the accountant-client privilege has similar exceptions and waivers to the attorney-client privilege. *See Dinosaur Merch. Bank Ltd. v. Bancservices Int'l LLC*, No. 1:19-CV-84 ACL, 2020 WL 5230840, at *9 (E.D. Mo. Sept. 2, 2020); *Ayers Oil Co. v. Am. Bus. Brokers, Inc.*, No. 2:09-CV-02 DDN, 2009 WL 2592154, at *3 (E.D. Mo. Aug. 20, 2009) ("The accountant-client relationship is far from absolute, subject to both exceptions and waivers."). The Supreme Court has also "directed that courts must narrowly construe privileges, and statutes creating them, and must avoid suppressing probative evidence." *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 816 (8th Cir. 2002) (citing *Univ. of Pa. v. EEOC*, 493 U.S. 182, 189 (1990)).

It is apparent that certain communications and information sought by Defendants from Mr. Yochum are relevant to this litigation but may be protected by the accountant-client privilege. Without further information, this Court cannot make any specific determination as to the requests, including whether any waiver or exception applies. This Court will, however, order Mr. Yochum to produce all documents and communications which are not protected by the accountant-client privilege.[2] Plaintiffs shall also update their privilege log to note any information and communications not produced pursuant to the accountant-client privilege.

---

[2] The Court acknowledges Mr. Yochum's sworn affidavit stating that "[a]ny and all documents in my possession with regard to Michael Becker, SL EC, LLC, or Exhibit 1 to the Subpoena were obtained or generated with regard to my provision of accountant services to Michael Becker and SL EC, LLC." (Doc. 162-2). This does not mean, however,

**(2) Becker and SLEC's Tax Returns**

Becker and SLEC acknowledge that their tax returns are not protected by accountant-client privilege. (Doc. 167 at 2); *see Sielfleisch Roofing*, 2013 WL 1899557 at *5 ("Therefore, accountant-client privilege does not apply to documents receive from or filed with the Internal Revenue Service or Missouri Department of Revenue, or other documents similarly received from or sent to another third party."). Becker and SLEC instead object to the production of their tax returns on the grounds that the returns are not relevant and because Defendants allegedly seek the documents only to harass Plaintiffs. Defendants respond that the tax returns are relevant to establishing the validity of certain debts and expenditures of Becker and SLEC.

Fed. R. Civ. P. 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts in the Eighth Circuit assessing the discoverability of tax returns apply a two-prong test: first, the party seeking production has the burden of establishing relevance. Second, if relevance is shown, the party resisting production has the burden of identifying an alternative source for the information. *Johnson v. Mers-Goodwill*, No. 4:14-CV-1069 (CEJ), 2014 WL 7205170, at *1 (E.D. Mo. Dec. 17, 2014); *Tank Holdings v. Bell*, No. 4:12-CV-713 JAR, 2013 WL 2457189, at *1 (E.D. Mo. June 6, 2013). Federal courts "generally resist discovery of tax returns" absent a showing of good cause. *Sowers v. Gatehouse Media Holdings, Inc.*, No. 4:08-CV-633 TIA, 2009 WL 1106946, at *1 (E.D. Mo. Apr. 3, 2009) (citations omitted).

The Membership Interest Purchase Agreement for acquisition of the power plant includes a $1.1 million payment contingent upon certain conditions occurring. Defendants broadly allege

---

that all such documents remain privileged, as a waiver or exception could apply. Becker and SLEC acknowledge, for example, that their tax returns are not privileged even though they were presumably prepared by Mr. Yochum in connection with his provision of accountant services.

that Becker and SLEC's representations concerning debts owed to third parties served as the basis for this figure, and that the tax returns are necessary to verify those debts as well as certain other expenditures. With the limited information before it, this Court cannot adequately ascertain the relevance of the tax returns or whether the information may be available through another source. Upon further discovery and after production of a revised privilege log, Defendants may seek leave to renew this request if they determine there is no other method of obtaining the information. If Defendants make such a request, this Court advises that Defendants specifically identify those portions of the tax returns which are relevant to their claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Becker and SLEC's Motion to Quash (Doc. 161) is **GRANTED in part** and **DENIED in part.** The below shall be produced to Defendants **within ten (10) days**:

(1) Becker and SLEC shall produce a **revised privilege log** which includes all relevant communications and information requested by Defendants from David Yochum subject to the accountant-client privilege.

(2) David Yochum shall produce all relevant information and communications requested by Defendants **which are not subject to the accountant-client privilege**.

**IT IS FURTHER ORDERED** that Defendants' request for production of Becker and SLEC's tax returns is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that Defendants' Motion for Leave to File Surresponse in Opposition to Plaintiffs' Motion to Quash (Doc. 168) is **GRANTED** for good cause shown.

Dated this 22nd day of February, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE