UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SL EC, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18-CV-01377-JAR |
| | ) |
| ASHLEY ENERGY, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Davis & Garvin LLC's ("D&G") Motion for Protective Order (Doc. 170) and Defendants' Motion for Rule 11 Sanctions. (Doc. 165). Both motions are fully briefed and ready for disposition.[1] The motions are appropriately considered together because they concern similar subject matter.

**(1) Motion for Protective Order** (Doc. 170)

D&G seeks a protective order against Defendants' Second Request for Production ("Second RFP") pursuant to Fed. R. Civ. P. 26(c). This Court notes that it has wide discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). Generally, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If a discovery request does not meet this threshold, this Court "may, for good cause, issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party seeking

---

[1] D&G has not replied to Defendants' response to the motion for protective order, and the deadline for doing so has expired.

the protective order has the burden to show good cause. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973).

In the Second RFP, Defendants seek various documents, communications, and other information concerning an attorney disciplinary proceeding involving Jim Davis ("Davis"). Though Davis is not a party to this case in his personal capacity, he was a partner at D&G and is central to the dispute. D&G claims that a protective order is warranted because the information has no probative value to the underlying case and would not be admissible. (Doc. 170 at ¶¶ 7-9). Defendants respond that the disciplinary investigation, which partly concerned D&G's accounting practices, is relevant to both D&G's claim for legal fees and Davis' credibility. (Doc. 176). Despite the parties' briefing on the question of admissibility, the question before this Court is not whether discovery from Davis' disciplinary hearing will be admissible at trial. Instead, this Court must consider if the discovery is relevant and proportional to the needs of the case in light of the factors identified in Fed. R. Civ. P. 26(b)(1).

This Court finds that the discovery requested in the Second RFP is relevant in multiple respects. First, D&G seeks substantial legal fees as damages in this case, and the disciplinary action concerns D&G's accounting practices right around the time it provided the legal services at issue. Second, D&G has put the reason for termination of its practice at issue by relying on such termination to explain its failure to retain relevant billing information. (Doc. 158 at 2). Finally, this Court agrees with Defendants that the disciplinary investigation may speak to Davis' credibility, which is relevant to the claims in this case. (Doc. 176-1 at ¶ 31). D&G, meanwhile, has not offered any meaningful argument that it will be overly burdensome to produce the requested discovery. Instead, D&G has stated that "[t]he most significant documents responsive to the [Second RFP] are readily available" in public filings, which suggests production will not be burdensome. (Doc.

170 at ¶ 3). Because the Second RFP seeks relevant discovery proportional to the needs of this case, D&G's motion for protective order will be denied.

**(2) Motion for Rule 11 Sanctions** (Doc. 165)

Defendants seek Rule 11 sanctions on the grounds that Plaintiffs have spoiled evidence and misled the Court as to the reason that certain material is undiscoverable. "[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct." *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). The Eighth Circuit has repeatedly advised lower courts to "consider which sanction constitutes the least severe sanction that will adequately deter the undesirable conduct." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (internal quotations omitted). A district court is given substantial deference to determine whether sanctions are warranted. *Willhite v. Collins*, 459 F.3d 866, 869 (8th Cir. 2006) (citation omitted).

This Court previously addressed the facts underlying Defendants' motion for sanctions, and they are partly discussed above. D&G utilized Clio, a subscription-based software service, to track its billing. When D&G ceased practice in 2018, it simply allowed its Clio account to expire, resulting in the destruction of relevant evidence concerning D&G's legal fees. This Court has already determined that D&G had "an obligation [to preserve evidence] and that it failed to adequately preserve relevant evidence." (Doc. 158 at 2). Upon granting Defendants' motion to compel discovery concerning the Clio account and other matters, this Court specifically "reserve[d] the right to impose appropriate sanctions should this information remain unrecoverable." (*Id.*). It appears that the information in fact remains unrecoverable. (Doc. 177).

When explaining why D&G terminated its Clio account, Plaintiffs initially stated that in June 2018, Davis "decided to exit the practice of law and work full-time for IPX Exchange Services" as a qualified intermediary, which arguably required that he surrender his law license.

(Doc. 155 at 2).[2] Defendants argue that sanctions are merited because Plaintiffs misled the Court. D&G in fact ceased practice under the cloud of Davis' disciplinary hearing, and the Supreme Court of Missouri entered an order suspending Davis' law license indefinitely in October 2018. (Doc. 166-5). Davis now "admits that while his decision[] to leave the practice of law and take inactive status were influenced in part by the pending disciplinary proceeding, Davis genuinely wanted to move to a new career with IPX and therefore did so." (Doc. 171 at 2).

This Court has already determined that D&G likely violated its obligation to preserve evidence by allowing its Clio account to expire. This Court also has little difficulty recognizing that Plaintiffs were not entirely truthful when initially explaining why Davis ceased practice. At this juncture, however, the extent of prejudice to Defendants remains unclear. Through further discovery and development of the facts, this Court will be in a better position to determine what sanctions, if any, are appropriate. Therefore, this Court will deny Defendants' motion for Rule 11 sanctions without prejudice while explicitly reserving the right to impose sanctions for Plaintiffs' alleged misconduct.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff D&G's Motion for Protective Order (Doc. 170) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Rule 11 Sanctions (Doc. 165) is **DENIED without prejudice**. This Court explicitly reserves the right to impose appropriate sanctions for the alleged misconduct identified in Defendants' motion.

---

[2] The Court notes the additional information provided by Defendants indicating that Davis created his tax intermediary company, IPX Exchange Services, Inc., in 1998, which adds further doubt to D&G's claim that D&G ceased practice so that Davis could become a qualified intermediary. (Doc. 172 at 3-4).

Dated this 22nd day of March, 2021.

                                               _____
                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE