UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SL EC, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-01377-JAR |
| ) | |
| ASHLEY ENERGY, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants / Counterclaim Plaintiffs Ashley Energy, LLC, Power Investments, LLC and Mason Miller's (collectively "Counterclaim Plaintiffs") Motion to Exclude Testimony of Barton DeLacy. (Doc. 202). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

**I.    BACKGROUND**

This case concerns the purchase of a historic steam power plant in downtown St. Louis (the "Plant"). Simplifying the complex factual background for purposes of this motion in limine, Plaintiffs / Counterclaim Defendants Michael Becker, Davis & Garvin, LLC, and SL EC, LLC (collectively "Counterclaim Defendants") brought this lawsuit against Counterclaim Plaintiffs in relation to Power Investments, LLC's purchase of the Plant from SL EC, LLC.[1] Counterclaim Defendants' Second Amended Complaint includes claims for breach of contract, fraudulent conveyance, and tortious interference, among others, though the Court has granted summary

---

[1] This Court has previously offered an extensive summary of the complex factual background in this case. (Doc. 213 at 1-2).

1

judgment in favor of Defendants on certain of these claims. (Docs. 90, 213). Counterclaim Plaintiffs have filed related counterclaims for fraudulent misrepresentation and/or fraudulent inducement, unjust enrichment, and breach of contract. (Doc. 115). Trial is currently set for April 18, 2022. (Doc. 215).

In support of their claim for damages, Counterclaim Plaintiffs retained Mark Hoffman, a Certified Public Accountant ("CPA") and Certified Valuation Analyst ("CVA") subject to professional standards promulgated by the American Institute for Certified Public Accountants ("AICPA"). (Doc. 202 at 2). Mr. Hoffman produced an expert report concluding that Counterclaim Plaintiffs suffered approximately $5 million to $7.9 million in transaction loss damages and $1.7 million in other damages. (Doc. 202-1 at 19). Counterclaim Defendants retained Barton DeLacy, a professional real estate appraiser and Executive Director in Valuation and Advisory at Cushman & Wakefield, as a rebuttal expert. Mr. DeLacy produced a rebuttal report concluding that Mr. Hoffman's report is "misleading" and fails to consider "potential revenue enhancements from improved operations," among other criticisms. (Doc. 202-3 at 2). Counterclaim Plaintiffs seek to exclude Mr. DeLacy's opinion pursuant to Fed. R. Evid. 702 on the grounds that it fails to evaluate Mr. Hoffman's methodologies or calculations and is unhelpful to the jury.

## II. LEGAL STANDARD

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. A district court acts as a "gatekeeper" when screening expert testimony for reliability and relevance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993); *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). To satisfy the reliability requirement, the party offering the expert testimony "must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is

scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (citation omitted). To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. *Id*.

The Court in *Daubert* emphasized that the inquiry required by Fed. R. Evid. 702 is flexible. 509 U.S. at 594. The *Daubert* analysis has been extended to all expert testimony, as opposed to only "scientific" testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 135, 147 (1999). Due to the liberalization of expert testimony admission standards signaled by *Daubert* and its progeny, and the codification of this trend by Fed. R. Evid. 702, the Eighth Circuit has held that expert testimony should be liberally admitted. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) (citing *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011)) (doubts about usefulness of expert testimony are resolved in favor of admissibility); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (expert testimony should be admitted if it advances the trier of fact's understanding "to any degree"); *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) ("[Rule 702] clearly is one of admissibility rather than exclusion.") (citation omitted). As long as the expert testimony rests upon "good grounds, based on what is known," it should be tested by the adversary process with competing expert testimony and cross-examination rather than excluded by the Court. *Id*. (citing *Daubert*, 509 U.S. at 596). Exclusion of an expert opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minnesota Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citation omitted).

### III.   ANALYSIS

Counterclaim Plaintiffs seek to exclude the testimony of Counterclaim Defendants' rebuttal expert on damages. It is "the function of rebuttal testimony to explain, repel, counteract or disprove evidence of the adverse party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759

3

(8th Cir. 2006) (citation omitted); *see also Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 835 (D. Minn. 2011) ("It is the proper role of rebuttal experts to critique plaintiffs' expert's methodologies and point out potential flaws in the plaintiff's experts' reports."). Counterclaim Plaintiffs argue that Mr. DeLacy offers no useful expertise because he is not a CPA and did not criticize Mr. Hoffman's application of the capitalization of earnings approach. Counterclaim Plaintiffs also contend that Mr. DeLacy's proposed valuation method is contrary to Missouri law.

Counterclaim Plaintiffs have offered the report of their expert, Mr. Hoffman, who reviewed the Plant's pro forma financial models and performed a capitalization of earnings valuation to determine the damages caused by Counterclaim Defendants' alleged fraudulent misrepresentations ("Transaction Loss Damages"). The capitalization of earnings method takes the estimated future earnings of a business, in this case the Plant, and divides them by a capitalization rate which should reflect the riskiness of the underlying asset. (Doc. 202-1 at 11). Counterclaim Plaintiffs allege that Counterclaim Defendants inflated the value of the Plant by misrepresenting the cost of insurance premiums, steam loop repairs, and a Property Assessed Clean Energy ("PACE") program assessment, among other issues. In performing this analysis, Mr. Hoffman consistently assumed and adopted Counterclaim Plaintiffs' assessment of the extent to which Counterclaim Defendants understated these costs. (*Id.* at 13-14). Mr. Hoffman ultimately concluded that, accepting Counterclaim Plaintiffs' allegations as true, Transaction Loss Damages ranged from approximately $5 million to $7.9 million. (*Id.* at 17).[2]

Counterclaim Defendants retained Mr. DeLacy as a rebuttal expert. It appears to this Court that Mr. DeLacy is well-qualified to render a reliable opinion in this matter. He holds a Master of

---

[2] Mr. Hoffman reached the $7.9 million amount by adopting a lower capitalization rate (or higher earnings multiple) consistent with a valuation performed by DAI Management Consultants in 2018. (Doc. 202-1 at 16).

4

Urban Planning from Portland State University, has been generally engaged in the valuation profession for 40 years, has extensive experience performing valuations of energy generating facilities, and recently published an article in *The Appraisal Journal* titled "Valuation Behind the Mystique of Maturing Renewable Energy Projects." (Doc. 202-3 at 3-5, 11). He has also been qualified as an expert witness in numerous valuation proceedings. (*Id.* at 4-5). The fact that Mr. DeLacy does not hold precisely the same credentials as Mr. Hoffman does not preclude him from offering a proper rebuttal. Such arguments regarding Mr. DeLacy's credentials go more to the weight of his testimony than its admissibility. *See Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) ("Rule 702 does not require a defense medical expert to be of the identical medical specialty as the plaintiff's expert.").

Mr. DeLacy's brief report concludes that Mr. Hoffman "selectively uses the work of others to construct a damages scenario that stipulates to the pleadings of the adverse party" and "disingenuously accepts the difference in expense experience versus projections as an intended misrepresentation and capitalizes the sum into perpetuity." (*Id.* at 2). As indicated above, Mr. Hoffman admits that he relied upon assumptions provided by Counterclaim Plaintiffs in performing his analysis. Mr. DeLacy criticizes Mr. Hoffman's decision to adopt all of Counterclaim Plaintiffs' allegations as true. Other courts have concluded that this type of criticism by a rebuttal expert is appropriate and admissible. *See, e.g., Coquina Invs. v. Rothstein*, No. 10-60786-Civ., 2011 WL 4949191, at *3 (S.D. Fla. Oct. 18, 2011) (citation omitted) ("Thus, a rebuttal expert may testify that, while the expert's report implicitly assumes (or erroneously fails to consider) facts X, Y, and Z, the expert's analysis is seriously flawed if the jury does not accept X, Y, and Z as true. This is a well-accepted way to criticize damages estimates.").

5

Mr. DeLacy also criticizes Mr. Hoffman's report for failing to address (i) potential revenue enhancements from improved operations at the Plant and (ii) an appraisal performed by Darco Energy Management Company in 2018 (the "Darco Report") which supposedly found that the Plant was worth far more than the amount paid by Counterclaim Plaintiffs. (Doc. 202-3 at 1-2). It is entirely appropriate and helpful to the jury for a rebuttal expert to identify factors which the opposing party's expert failed to consider. In sum, it appears to this Court that Counterclaim Defendants have retained a qualified expert whose criticisms of Mr. Hoffman's report are frequently recognized as legitimate by other courts. *See Aviva Sports*, 829 F. Supp. 2d at 834-35 (collecting cases).

Counterclaim Plaintiffs also contend that Mr. DeLacy's rebuttal testimony is contrary to Missouri law because courts have affirmed capitalization of earnings as an appropriate method for calculating damages caused by a fraudulent misrepresentation. (Doc. 202 at 6). This Court recognizes that capitalization of earnings is an accepted method for calculating damages, though it is not the only available method. *See 77 North Main Street, LLC v. Quinn*, No. FS2FSY CV 136037437S, 2020 WL 6709875, at *5 (D. Conn. Oct. 15, 2020) (citation omitted) (recognizing there are "several different methods by which to determine the value of a closely held corporation"). Counterclaim Defendants admit, moreover, that it "is axiomatic that benefit of the bargain damages enable a claimant to obtain fraud damages by discounting future income to net present value." (Doc. 206 at 3). They simply argue that Mr. DeLacy's report reasonably questions Mr. Hoffman's decisions to accept Counterclaim Plaintiffs' allegations as true and ignore the Darco Report in performing his analysis. *See United States ex rel. Fesenmaier v. Cameron-Ehlen Grp., Inc.*, No. 13-CV-3003 (WMW/DTS), 2021 WL 101193, at *17 (D. Minn. Jan. 12, 2021) (citation omitted) ("[T]he purpose of a rebuttal expert is to critique the opposing expert's theories

and calculations, and a rebuttal expert need not offer alternatives."). At this juncture, it does not appear to this Court that Mr. DeLacy's proposed testimony criticizing Mr. Hoffman's analysis is inherently contrary to Missouri law on the calculation of damages.

Exclusion of an expert opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minnesota Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (citation and quotation marks omitted). As indicated above, the Court believes that Mr. DeLacy has offered appropriate, qualified criticisms of Mr. Hoffman's application of the capitalization of earnings method, and that such criticisms are relevant, reliable, and will be helpful to the jury. *See Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 2013 WL 4776277, at *10 (E.D. Mo. Sept. 6, 2013) (denying motion to exclude rebuttal testimony after finding such testimony would assist the jury). Especially considering expert testimony should be admitted if it advances the trier of fact's understanding "to any degree," the Court will deny Counterclaim Plaintiffs' motion to exclude testimony from Mr. DeLacy. *Robinson*, 447 F.3d at 1100.

Accordingly,

**IT IS HEREBY ORDERED** that Counterclaim Plaintiffs' Motion to Exclude Testimony of Barton DeLacy (Doc. 202) is **DENIED**.

Dated this 2nd day of November, 2021.

                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE