UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SL EC, LLC, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   Case No. 4:18-CV-01377-JAR |
| | ) |
| ASHLEY ENERGY, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**<u>MEMORANDUM & ORDER</u>**

This matter is before the Court on Defendant / Counterclaim Plaintiff Ashley Energy, LLC's ("Ashley Energy") Motion to Stay Proceedings. (Doc. 246). The Court ordered the parties to file any response to the motion by March 11, 2022. (Doc. 259). Plaintiffs / Counterclaim Defendants responded and expressed that they "not only do not oppose [the motion,] they believe this Court should exercise its discretion to grant it." (Doc. 263 at 1). No other party filed a response.

This litigation, which concerns the purchase of a steam powerplant in downtown St. Louis, has been pending before the Court for over three years. This Court has summarized the factual background on numerous occasions. (Doc. 212 at 1-2). To substantially simplify a complex dispute, the case now primarily concerns whether Defendant Power Investments, LLC ("Power Investments") owes Plaintiff SL EC, LLC ("SLEC") a contingent payment of $1,100,000 in connection with SLEC's sale of Ashley Energy to Power Investments in 2017. After substantial motion practice and multiple discovery disputes, the Court set trial for April 18, 2022 and established a schedule for pretrial filings. (Docs. 215, 217).

In the interim, a contentious litigation over who truly controls Ashley Energy has developed. On August 16, 2021, Power Investments filed suit in this district against Cardinals

1

Preferred, LLC ("Cardinals"). *Power Investments, LLC v. Cardinals Preferred, LLC*, Case No. 4:21-CV-1022-SEP (E.D. Mo.) (hereinafter the "Related Action"). Once again substantially simplifying a complex dispute, the Related Action concerns whether Power Investments – currently a minority shareholder in Ashley Energy – successfully exercised a call option to buy out Cardinals' majority interest in Ashley Energy. This Court did not learn about the Related Action until approximately February 21, 2022, when numerous disagreements and allegations of conflicts arose between the parties (or as Ashley Energy puts it, the day all hell broke loose). (Doc. 247 at 6).

On March 2, 2022, Judge Pitlyk held a hearing in the Related Action on Cardinals' motion for temporary restraining order. Ashley Energy filed the instant motion to stay the same day, acknowledging that "[o]nce that motion [for temporary restraining order] is resolved, it is very likely that who has authority to proceed in this litigation on behalf of Ashley Energy will likewise be resolved." (*Id.* at 3). On March 3, 2022, Judge Pitlyk granted Cardinals' motion and entered a temporary restraining order essentially recognizing Cardinals as the current majority shareholder in Ashley Energy. *Related Action*, Doc. 114. Subsequently, on March 11, 2022, Power Investments agreed to the entry of a consent order extending the temporary restraining order until final disposition of the action by Judge Pitlyk. *Related Action*, Doc. 125. Discovery remains ongoing in the Related Action, the parties will participate in mediation, and dispositive motions are not expected to be fully briefed until August 1, 2022. *Related Action*, Doc. 127.

Meanwhile, this Court held a Status Hearing on numerous matters in this litigation on March 3, 2022. (Docs. 248, 260). Prior to and during the Status Hearing, different law firms purported to represent Ashley Energy because Power Investments and Cardinals each claimed to control the company. Many law firms have entered and/or withdrawn from this litigation in the

2

past three weeks, and Ashley Energy has brand new counsel. (Docs. 218, 222, 224, 229-30, 250-51, 254-57, 259, 261-62). Plaintiffs / Counterclaim Defendants support Ashley Energy's request for a stay in part because counsel should "be allowed more time to get up to speed and be fully educated regarding the remaining claims in this case." (Doc. 263 at 1).

This Court has substantial discretion in managing its docket and deciding whether to enter a stay. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In making this determination, the Court considers both the interests of judicial economy and potential prejudice to the parties. *See Bledsoe v. Janssen Pharmaceutica*, No. 4:05-CV-2330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006). After careful consideration, the Court does not believe a stay of this litigation pending the outcome of the Related Action is warranted. Power Investments has consented to a temporary restraining order recognizing Cardinals as the majority shareholder in Ashley Energy until final disposition of the Related Action. Completion of discovery and full briefing of dispositive motions in the Related Action will take months, and Judge Pitlyk will require additional time to render her decision, which may be subject to appeal. In all, well over a year could pass before the parties are satisfied that they have a final determination regarding control of Ashley Energy. The Court also notes that while Ashley Energy technically remains party and relevant to this litigation, SLEC and Power Investments are the primary parties and have more at stake. In these circumstances, considerations of judicial economy and prejudice do not warrant imposition of a stay with no certain end date.

Having determined that a stay is not appropriate, however, the Court recognizes that recent events have caused significant confusion and challenges in this case. It will be difficult for attorneys who just recently entered their appearance to prepare for an April 18, 2022 trial date in

this complex litigation. Therefore, in its discretion, the Court will continue the trial date until July 5, 2022. The Court believes this continuance provides the parties adequate time to prepare and appropriately balances the interests of judicial economy and potential prejudice to the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant / Counterclaim Plaintiff Ashley Energy's Motion to Stay Proceedings is **GRANTED in part** and **DENIED in part**. The Court will continue the trial date but denies Ashley Energy's request to stay the litigation.

**IT IS FURTHER ORDERED** that the current trial date of April 18, 2022 (Doc. 217) is **VACATED**, and trial is instead set for **Tuesday, July 5, 2022**. A final pretrial conference is scheduled for **Thursday, June 30, 2022 at 1:30 P.M.** in the courtroom of the undersigned.

**IT IS FINALLY ORDERED** that parties shall submit a proposed schedule for pretrial filings no later than **May 13, 2022**.

Dated this 15th day of March, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE